UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 08-60541-TJT

**RICKY CARL NEAL**  Chapter 7
**DEBRA H. NEAL**,
  HON. THOMAS J. TUCKER
    Debtors.
_____/

## MOTION TO DISMISS CHAPTER 7 CASE
## PURSUANT TO 11 U.S.C. § 707(b)(2) and (b)(3)

**Daniel M. McDermott, the United States Trustee** for Michigan/Ohio, Region 9, respectfully requests that this Honorable Court enter an Order dismissing this Chapter 7 case pursuant to 11 U.S.C. § 707(b)(3). In support of this Motion, the United States Trustee alleges as follows:

    1.    The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed pursuant to 11 U.S.C. § 707(b)(3).

    2.    Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code on August 25, 2008.

    3.    The § 341 meeting of creditors was held on October 15, 2008.

    4.    The Debtors' obligations are primarily consumer debts. The Debtors' nonpriority unsecured debt totals $51,600.93.

5. Pursuant to 11 U.S.C. § 704(b)(1)(a), the U.S. Trustee reviewed the materials filed by the Debtors. On October 24, 2008, the U.S. Trustee filed a Statement of Presumed Abuse ("10-Day Statement").

6. This Motion is filed within 30 days of the 10-Day Statement and is timely.

**The Legal Standard 11 U.S.C. § 707(b)(2)**

7. In pertinent part, 11 U.S.C. § 707(b)(1) provides for dismissal (or, with the debtor's consent, conversion) of a chapter 7 case if the Court "finds that the granting of relief would be an abuse of the provisions of this chapter. In turn, § 707(b)(2)(A)(I) provides in pertinent part that the Court shall presume abuse exists if:

> the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –
>
> 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or $10,950.

The standard and actual expenses which a debtor may claim are detailed in § 707(b)(2)(A)(ii), (iii), and (iv).

8. In practical terms, the statute presumes that a debtor's chapter 7 filing is abusive if after deducting all allowable expenses from a debtor's income, the debtor has monthly net disposable income of at least $182.50 (which totals more than $10,950.00 over 60 months), or if the net monthly income is greater than $100 but less than $182.50 and totals 25% of the debtor's unsecured non-priority debts when multiplied by 60 months.

9. If the presumption arises, a debtor may only rebut that presumption by demonstrating special circumstances, such as a serious medical condition or call or order to active duty in the armed forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(I).

**Presumed Abuse Pursuant to 11 U.S.C. § 707(b)(2) – Argument**

10. The Debtors' gross monthly income during the six month period prior to filing was $11,224.60. The Debtors' household income annualized is $134,695.20, which is above the applicable state median for a household size of 5 individuals. The Debtors, therefore, completed the remaining portions of the Form B22A.

11. Line 42, *Future payments on secured claims*. The Debtors claimed an allowance on Line 42(g) of the Means Test which appeared to include a 401k loan payment of $201.94, and therefore was adjusted downward by $201.94.

12. Based upon the United States Trustee's re-calculation of the Means Test, the Debtors 60 month disposable income substantially exceeds the threshold of $10,950.00; and presumption of abuse arises pursuant to 11 U.S.C. § 707(b)(2)(A)(i)(II).

13. The Debtors have not asserted any special circumstances to rebut the presumption. Accordingly, the Court should dismiss this case.

**The Legal Standard 11 U.S.C. §707(b)(3)**

14. 11 U.S.C. § 707(b)(3) provides:

(3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) of such paragraph does not arise or is rebutted, the court shall consider–

(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

**Abuse Pursuant to 11 U.S.C. § 707(b)(3) - Totality of the Circumstances**

15. The U.S. Trustee also asserts that the granting of relief to the Debtors would be an abuse of the provisions of chapter 7 pursuant to § 707(b)(3) because the totality of the circumstances of the Debtors' financial situation demonstrates abuse.

16. The Debtors' net monthly income, according to Schedule I, is $8,288.08.

17. The Debtors' monthly expenses, according to Schedule J, are $8,257.45, resulting in an excess monthly income of $30.63.

18. The Debtors list on Schedule J installment payments on two pieces of real estate, in addition to their primary home mortgage payment, that they intend to reaffirm which total $2,700.45.

19. The Debtors have included certain additional monthly expenses on their Schedule J which appear excessive and unrealistic under the circumstances. In particular, the Debtors pay $1,500.00 per month toward one of the Debtor's parents' bills and credit card expenses.

20. The Debtors also have mortgage expenses of approximately $2700.00 for two houses which are not their residence. Schedule I does not indicate any rental income from these properties. It appears that these expenses may also be unreasonable under the circumstances

21. The Debtors also repay retirement loans at a combined monthly total of $387.67.

22. If the foregoing items were reduced or eliminated, the Debtors could repay 100% of their unsecured debt.

23. The case appears to constitute an abuse of the provisions of Chapter 7, not only because of the Debtors' ability to pay, but considering the totality of the circumstances, the Debtors may not be in need of any bankruptcy relief at all. *In re Krohn,* 886 F.2d 123, 126 (6th Cir.1989), *In re Keating,* 298 B.R. 104, 110 (Bkrtcy. E.D.Mich. 2003).

4

Therefore, it is the position of the United States Trustee that the granting of a Chapter 7 discharge in this case would be an abuse of the provisions of Chapter 7 of Title 11.  The United States Trustee respectfully requests that this Honorable Court dismiss this case pursuant to 11 U.S.C. § 707(b)(2) and (b)(3) and for other relief that the Court deems just and proper.

                Respectfully submitted,

                **DANIEL M. McDERMOTT**
                **UNITED STATES TRUSTEE**
                Region 9

        By:    /s/ Leslie K. Berg
                Trial Attorney
                Office of the U.S. Trustee
                211 West Fort St. - Suite 700
                Detroit, Michigan 48226
                (313) 226-7950
                Leslie.K.Berg@usdoj.gov

Dated: October 24, 2008

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 08-60541-TJT

**RICKY CARL NEAL**  Chapter 7
**DEBRA H. NEAL**,
 HON. THOMAS J. TUCKER
　　　　Debtors.
_____/

### ORDER GRANTING UNITED STATES TRUSTEE'S MOTION
### TO DISMISS CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(b)(2) AND (3)

**THIS MATTER** came before the Court upon the Motion of the United States Trustee for an order dismissing the above captioned case under the provisions of § 707(b)(2) and (b)(3) of the Bankruptcy Code.

The Court, having considered the pleadings filed herein, no objection to the motion having been filed, or if filed having been overruled,

**IT IS ORDERED** that above captioned case shall be and the same is **DISMISSED.**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 08-60541-TJT

**RICKY CARL NEAL**  Chapter 7
**DEBRA H. NEAL**

HON. THOMAS J. TUCKER

Debtors.
_____/

**NOTICE OF MOTION BY THE UNITED STATES TRUSTEE
TO DISMISS CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(b)(2) AND (3)**

The Office of the United States Trustee has filed papers with the court to dismiss the above entitled case pursuant to 11 U.S.C. § 707(b)(2) and (3).

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.)

If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 15 days**, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

U. S. Bankruptcy Court
211 West Fort Street
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:  Leslie K. Berg, Esq.
Office of the United States Trustee
211 West Fort Street, Suite 700
Detroit, MI 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By:  /s/ Leslie K. Berg
Trial Attorney
Office of the U.S. Trustee
211 West Fort St. - Suite 700
Detroit, Michigan 48226
(313) 226-7950
Leslie.K.Berg@usdoj.gov

Dated: October 24, 2008

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 08-60541-TJT

**RICKY CARL NEAL**  Chapter 7
**DEBRA H. NEAL**

 HON. THOMAS J. TUCKER

    Debtors.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2008, I served copies as follows:

1. Documents Served: *Motion to Dismiss Chapter 7 Case, Notice of Motion* and *Certificate of Service.*

2. Served Upon: Ricky Carl Neal
 Debra H. Neal
 617 Cambell
 Ypsilanti, MI 48198

3. Method of Service: First Class Mail

        **DANIEL M. McDERMOTT**
        **UNITED STATES TRUSTEE**
        Region 9

    By: /s/ Leslie K. Berg
        Office of the U.S. Trustee
        211 West Fort St - Suite 700
        Detroit, Michigan 48226
        313.226.7950

Dated: October 24, 2008